STEVEN H. HANEY, SBN 121980
GREGORY L. YOUNG SBN 226293
HANEY & YOUNG, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, California 90017
Telephone: 213-228-6500
Facsimile: 213-228-6501
E-mail: shaney@haneyyoung.com

Attorneys for Plaintiff

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**JOHN LEE, an individual, and PAPER PLUS CONNECTION, INC., a California Corporation,**

**Plaintiffs,**

**v.**

**AWAD HAJ, an individual, 97 CENT AND MORE DISCOUNT STORE, form of business entity unknown, and DOES 1 - 10, inclusive,**

**Defendants.**

**Case No.:**

**VERIFIED COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT (555 MARK)**

**(2) TRADEMARK INFRINGEMENT (MAMA LOVE)**

**(3) TRADE DRESS INFRINGEMENT**

**(4) UNFAIR COMPETITION PURSUANT TO 15 U.S.C. §1125(a)**

**(5) UNFAIR COMPETITION PURSUANT TO CAL. BUS. & PROF. CODE §17200**

**(6) INJUNCTIVE RELIEF**

**(7) ACCOUNTING**

**(8) DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

**COMES NOW JOHN LEE ("Lee") and PAPER PLUS CONNECTION, INC. ("Paper Plus"), and allege as follows:**

## THE PARTIES

1. At all times herein mentioned, PLAINTIFF, Lee, was and is an individual with his principal residence located in the County of Los Angeles, State of California.

2. At all times herein mentioned, PLAINTIFF Paper Plus, was and is a corporation organized under the laws of the State of California, with its principal place of business in the County of Los Angeles, State of California. Lee is the majority shareholder of Paper Plus.

3. Lee and Paper Plus are sometimes referred to collectively herein as Plaintiffs.

4. At all times herein mentioned, DEFENDANT AWAD HAJ ("Haj"), was and is an individual residing in the State of California, and doing business in the County of Los Angeles, State of California.

5. DEFENDANT 97 CENT AND MORE DISCOUNT STORE ("Store") is a wholesale and retail seller located in the City and County of Fresno, State of California, and doing business frequently in the County of Los Angeles, State of California, and with residents of the County of Los Angeles, State of California. Defendants Haj and Store are sometimes referred to collectively herein as the "Defendants."

6. Defendants DOES 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to PLAINTIFF. When their true names and capacities are ascertained, PLAINTIFF will amend this complaint by inserting their true names and capacities herein. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF'S damages as herein alleged were proximately caused by those Defendants. Each reference in this complaint to "Defendant" or a specifically named Defendant refers also to all Defendants sued under fictitious names.

7. Plaintiffs are informed and believes and thereon alleges that, at all

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

times herein mentioned, each of the Defendants sued herein was the agent, employee, and co-conspirator of each of the remaining Defendants and was at all times acting in concert with each of the remaining Defendants with the purpose and scope of such agency and employment, and conspiracy.

8. Plaintiffs and Defendants are sometimes collectively referred to herein as the “PARTIES.”

## JURISDICTION AND VENUE

9. This Court has exclusive jurisdiction pursuant to 28 U.S.C. §1338 and over the federal trademark infringement claims, which arise under the Federal Lanham Act, 15 U.S.C. §§1051 et seq.; and has jurisdiction pursuant to 28 U.S.C. §1367 over the state law claims.

10. Plaintiffs are informed and believes and thereon alleges that this Court has personal jurisdiction over Defendants. Defendant Store is a business, located in the State of California that conducts business activities in the City and County of Los Angeles, State of California, and sells its wares to customers who are residents of the City and County of Los Angeles, State of California. Defendant Haj has extensive contacts with, and conducts business in, the State of California and this Judicial District.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant Store is a business, located in the State of California that conducts business activities in the City and County of Los Angeles, State of California, and sells its wares to customers who are residents of the City and County of Los Angeles, State of California. Defendant Haj has extensive contacts with, and conducts business in, the State of California and this Judicial District.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. Lee is the registrant and owner of a mark in international class 16, for bathroom tissue, consisting of large heart with the words "Mama Love" written

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

across the center, with two feminine hands outstretched above "Mama Love", cradling a small heart with the word "Love" in the middle, and a rose at the bottom left of the large heart. The United States Patent and Trademark Office has legally issued federal registration no. 3,859,296. A true and correct copy of Lee's registration for the MAMA LOVE Mark is attached hereto as Exhibit "1."

13. Paper Plus is the registrant and owner of a mark in international class 16, for bathroom tissue, consisting of a standard character mark of the numeral 555. The United States Patent and Trademark Office has legally issued federal registration no. 4,231,113. A true and correct copy of Paper Plus' registration for the 555 Mark is attached hereto as Exhibit "2." A true and correct copy of Plaintiffs' goods bearing their genuine marks are attached hereto as Exhibit 3.

14. Defendant Haj has systematically imported, marketed, and sold, through his business, Defendant Store, bathroom tissue products with both designs and logos thereon that are either confusingly similar, or identical to Lee and Paper Plus' registered trademarks.

15. For example, Defendants have imported, marketed, and sold a bathroom tissue product called "Mama Luv" that is virtually indistinguishable from the design, look, and feel of Lee's MAMA LOVE product. A true and correct photograph depicting the knock-off product being sold by Defendants is attached hereto as Exhibit "4."

16. On, or about, September 18, 2015, Counsel for Plaintiffs sent Defendants a cease & desist letter, demanding that they stop their infringement upon Plaintiffs' trademarks.

17. Haj responded to that letter via telephone and admitted that he has been importing and selling the infringing products.

18. Plaintiffs are informed and believe and thereon allege that Defendants have wilfully continued to import, market, advertise and sell products infringing on Plaintiffs' registered trademarks.

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**FIRST CAUSE OF ACTION**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**

**(555 MARK)**

**15 U.S.C. § 1114(1)(a)**

**(PLAINTIFF PAPER PLUS AGAINST ALL DEFENDANTS)**

19. Plaintiffs realleges and incorporates each and every allegation contained in paragraphs 1-18 above with the same force and effect as if said allegations were fully set forth herein.

20. Paper Plus has used his federally registered 555 Mark in interstate commerce in connection with the sale and marketing of Plaintiffs' MAMA LOVE brand bathroom tissue.

21. Defendants had both actual and constructive knowledge of Paper Plus's ownership of and rights in its federally registered 555 Mark prior to Defendants' infringing use of the Mark.

22. Defendants adopted and continue to use in commerce Paper Plus's federally registered 555 Mark, and marks confusingly similar thereto, with full knowledge of Paper Plus's superior rights, and with full knowledge that their infringing use of Paper Plus's Marks was intended to cause confusion, mistake and/or deception.

23. Defendants offer their goods and services under the infringing mark in the same channels of trade as those in which Paper Plus's legitimate goods are offered.

24. Defendants' infringing use of Paper Plus's 555 Mark in connection with the bathroom tissue is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of the products with Plaintiffs, in violation of 15 U.S.C. § 1114.

25. Defendants' actions constitute knowing, deliberate, and willful

infringement of Paper Plus's federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

26. As a result of Defendants' infringement, Paper Plus has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Paper Plus in his federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Paper Plus has no adequate remedy at law. Paper Plus will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**SECOND CAUSE OF ACTION**

**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK**

**(MAMA LOVE MARK)**

**15 U.S.C. § 1114(1)(a)**

**(PLAINTIFF LEE AGAINST ALL DEFENDANTS)**

27. Plaintiffs realleges and incorporates each and every allegation contained in paragraphs 1-26 above with the same force and effect as if said allegations were fully set forth herein.

28. Lee has used its federally registered MAMA LOVE Mark in interstate commerce in connection with the sale and marketing of Plaintiffs' MAMA LOVE brand bathroom tissue.

29. Defendants had both actual and constructive knowledge of Lee' ownership of and rights in its federally registered MAMA LOVE Mark prior to Defendants' infringing use of the Mark

30. Defendants adopted and continue to use in commerce Lee' federally registered MAMA LOVE Mark, and marks confusingly similar thereto, with full knowledge of Lee's superior rights, and with full knowledge that their infringing use of Lee's Marks was intended to cause confusion, mistake and/or deception.

31. Defendants offer their goods and services under the infringing mark in

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

the same channels of trade as those in which Lee' legitimate goods are offered.

32. Defendants' infringing use of Lee' MAMA LOVE Mark in connection with the bathroom tissue is likely to cause, and has caused, confusion, mistake or deception as to the affiliation, connection or association of the products with Plaintiffs, in violation of 15 U.S.C. § 1114.

33. Defendants' actions constitute knowing, deliberate, and willful infringement of Lee' federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

34. As a result of Defendants' infringement, Lee has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Lee in his federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lee has no adequate remedy at law. Lee will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

35. The packaging includes both the 555 and MAMA LOVE registered trademarks.

36. The protected trade dress of the MAMA LOVE bathroom tissue brand is inherently distinctive, unique, and non-functional.

37. Plaintiffs have expended much effort in the form of advertising, promotion, and sales to promote the trade dress configuration of MAMA LOVE brand of bathroom tissue as distinctive of Plaintiffs' goods in commerce.

38. As a result of such extensive and exclusive use and promotion of the MAMA LOVE brand of bathroom tissue trade dress configuration, the configuration has developed secondary meaning as an indicator that Plaintiffs are the source of the goods.

39. Plaintiffs' trademarked design and content represents valuable goodwill and rights in the design of the packaging of the MAMA LOVE brand owned by Plaintiffs.

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

40. Defendants have knowingly and willfully used in interstate commerce counterfeits that are identical with, or substantially indistinguishable from, Plaintiffs' trade dress configuration in connection with the sale, offering for sale, distribution, and advertising of goods.

41. Defendants said use is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its products, in that purchasers or others are likely to believe Defendants' products are Plaintiffs products or the products of a company legitimately connected with, approved by, or related to Plaintiffs.

42. Defendant's said use enables it to deceptively advertise, merchandise, market, display, and promote that its products emanate from Plaintiffs or from a concern legitimately connected with or approved by Emeco, and to substitute and pass off its products as Plaintiffs' products. It also enables purchasers of Defendants' products to represent and display that such products emanate from Emeco or from a concern legitimately connected with or approved by Plaintiffs.

43. Defendants' said knowing and willful use has imitated, counterfeited, and infringed Plaintiffs' trade dress configuration in interstate commerce in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44. Defendants' aforesaid acts also constitute false designation of association, affiliation, connection, endorsement, and/or approval under 15 U.S.C. § 1125(a).

45. Upon information and belief, Defendants has engaged in such conduct willfully, deliberately, and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

46. By reason of the foregoing, Plaintiffs has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 et seq.

47. Defendants' conduct described herein has caused, and if not

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

enjoined will continue to cause, irreparable damage to Plaintiffs' rights in their trade dress and to the business, positive reputation, and goodwill of Plaintiffs, which cannot be adequately compensated solely by monetary damages. Plaintiffs therefore have no adequate remedy at law and seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 et seq.

48. Defendants had both actual and constructive knowledge of Lee' ownership of and rights in its federally registered MAMA LOVE Mark prior to Defendants' infringing use of the Mark.

49. Defendants had both actual and constructive knowledge of Lee's ownership of and rights in its federally registered 555 Mark prior to Defendants' infringing use of the Mark.

50. Defendants' actions constitute knowing, deliberate, and willful infringement of Lee' federally registered mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

51. As a result of Defendants' infringement, Lee has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Lee in its federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Lee has no adequate remedy at law. Lee will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**THIRD CAUSE OF ACTION**

**TRADE DRESS COUNTERFEITING AND INFRINGEMENT**

**15 U.S.C. §§ 1114(1), 1125(a)**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

52. Plaintiffs realleges and incorporates each and every allegation contained in paragraphs 1-51 above with the same force and effect as if said allegations were fully set forth herein.

53. Plaintiffs have exclusively imported, marketed, advertised, and sold the highly distinctive and famous MAMA LOVE bathroom tissue product line. The highly distinctive and famous MAMA LOVE bathroom tissue product line has a quality exclusively controlled by Plaintiffs.

54. The United States Patent and Trademark Office has legally issued federal registration nos. 3,859,296 and 4,231,113, respectively which cover the design and content of the packaging of the MAMA LOVE brand bathroom tissue.

55. Under these registrations, Plaintiffs have the exclusive right to use the design and content of the packaging in connection with the MAMA LOVE bathroom tissue brand. Plaintiffs also have common law rights in the design and content of the MAMA LOVE packaging.

56. The packaging includes both the 555 and MAMA LOVE registered trademarks.

57. The protected trade dress of the MAMA LOVE bathroom tissue brand is inherently distinctive, unique, and non-functional.

58. Plaintiffs have expended much effort in the form of advertising, promotion, and sales to promote the trade dress configuration of MAMA LOVE brand of bathroom tissue as distinctive of Plaintiffs' goods in commerce.

59. As a result of such extensive and exclusive use and promotion of the MAMA LOVE brand of bathroom tissue trade dress configuration, the configuration has developed secondary meaning as an indicator that Plaintiffs are the source of the goods.

60. Plaintiffs' trademarked design and content represents valuable goodwill and rights in the design of the packaging of the MAMA LOVE brand owned by Plaintiffs.

61. Defendants have knowingly and willfully used in interstate commerce counterfeits that are identical with, or substantially indistinguishable from, Plaintiffs' trade dress configuration in connection with the sale, offering for sale, distribution,

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

and advertising of goods.

62. Defendants said use is likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of its products, in that purchasers or others are likely to believe Defendants' products are Plaintiffs products or the products of a company legitimately connected with, approved by, or related to Plaintiffs.

63. Defendant's said use enables it to deceptively advertise, merchandise, market, display, and promote that its products emanate from Plaintiffs or from a concern legitimately connected with or approved by Emeco, and to substitute and pass off its products as Plaintiffs' products. It also enables purchasers of Defendants' products to represent and display that such products emanate from Emeco or from a concern legitimately connected with or approved by Plaintiffs.

64. Defendants' said knowing and willful use has imitated, counterfeited, and infringed Plaintiffs' trade dress configuration in interstate commerce in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

65. Defendants' aforesaid acts also constitute false designation of association, affiliation, connection, endorsement, and/or approval under 15 U.S.C. § 1125(a).

66. Upon information and belief, Defendants has engaged in such conduct willfully, deliberately, and in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

67. By reason of the foregoing, Plaintiffs have been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §§ 1116 et seq.

68. Defendants' conduct described herein has caused, and if not enjoined will continue to cause, irreparable damage to Plaintiffs' rights in their trade dress and to the business, positive reputation, and goodwill of Plaintiffs, which cannot be adequately compensated solely by monetary damages. Plaintiffs therefore have no

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

adequate remedy at law and seek preliminary and permanent injunctive relief pursuant to 15 U.S.C. §§ 1116 et seq.

69. Defendants had both actual and constructive knowledge of Lee's ownership of and rights in its federally registered MAMA LOVE Mark prior to Defendants' infringing use of the Mark.

70. Defendants had both actual and constructive knowledge of Lee's ownership of and rights in its federally registered 555 Mark prior to Defendants' infringing use of the Mark.

71. Defendants' actions constitute knowing, deliberate, and willful infringement of Paper Plus' federally registered MAMA LOVE mark. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

72. As a result of Defendants' infringement, Plaintiffs have suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiffs in their federally registered marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO 15 U.S.C. §1125(a)**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

73. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 72 above as though set forth in full herein.

74. The PLAINTIFFS' MAMA LOVE and 555 trademarks and service marks are famous marks as that term is defined in 15 U.S.C. §1125(c). The PLAINTIFFS have used, and continue to use, the MAMA LOVE and 555 trademarks on bathroom tissue that Defendants sell, market and advertise, in interstate commerce.

75. DEFENDANTS' unauthorized use in interstate commerce of the

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

MAMA LOVE and 555 trademarks in sales, promotions and advertising for DEFENDANTS' goods creates the likelihood of confusion in the minds of actual and potential consumers as to the source, association, affiliation, approval or sponsorship of the PLAINTIFFS, and is likely to cause dilution by blurring and dilution by tarnishment of Plaintiffs' famous marks.

76. DEFENDANTS' acts in violating PLAINTIFFS' rights under 15 United States Code section 1125(a) and 1125(c) were malicious, oppressive, fraudulent, deliberate and/or willful.

77. By reason of the foregoing, PLAINTIFFS assert a claim against DEFENDANTS for DEFENDANTS' profits, PLAINTIFFS' damages in an amount to be proven at trial, the costs of the action, including without limitation attorney's fees, punitive damages and injunctive relief pursuant to 15 United States Code sections 1125(a), 1125(c), 1117, and 1116.

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

**FIFTH CAUSE OF ACTION**

**UNFAIR COMPETITION PURSUANT TO CAL. BUS. & PROF. CODE §17200**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

78. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 77 above as though set forth in full herein.

79. DEFENDANTS' actions described herein and specifically, without limitation, DEFENDANTS' use of the MAMA LOVE and 555 trademarks and confusingly similar variations thereof in commerce to advertise, market, promote and sell DEFENDANTS' goods in interstate commerce in an effort to encroach on PLAINTIFFS' business and PLAINTIFFS' ownership of their intellectual property, constitute trademark infringement and unfair competition in violation of the laws of the State of California.

80. By these actions, DEFENDANTS have engaged in unfair competition in violation of the statutory law of the State of California, to wit Cal. Bus. & Prof. Code §17200, and, as a result, PLAINTIFFS have suffered and will continue to suffer

damage, harm, and loss to their business, reputation, and goodwill.

81. As an actual and proximate result of DEFENDANTS' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless DEFENDANTS are restrained, Plaintiff will continue to suffer immediate and irreparable damage for which there is no adequate remedy at law alone.

82. PLAINTIFFS are entitled to an award of the expenses of litigation against DEFENDANTS, including reasonable attorney's fees, as a result of DEFENDANTS' unauthorized and intentional actions and bad faith.

83. Plaintiffs are entitled to an award of punitive damages against DEFENDANTS in order to punish DEFENDANTS and deter the same or similar conduct in the future.

**SIXTH CAUSE OF ACTION**

**COMMON LAW TRADEMARK/SERVICE MARK INFRINGEMENT**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

84. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 83 above as though set forth in full herein.

85. PLAINTIFFS have common law rights in the MAMA LOVE and 555 trademarks based on their continuous use of the marks in California, and nationwide, since 1992 in connection with the promotions, sale, marketing, and advertising of bathroom tissue in interstate commerce.

86. DEFENDANTS unauthorized use of the MAMA LOVE and 555 marks, and confusingly similar variations thereof to promote mistake, and deception of the public as to the origin of DEFENDANTS' goods, or as to a connection or affiliation with PLAINTIFFS, or a permission from PLAINTIFFS that does not exist, causing immediate and irreparable harm to PLAINTIFFS for which there is no adequate remedy at law. DEFENDANTS' conduct thus constitutes common law trademark infringement.

87. Despite their actual and constructive knowledge of PLAINTIFFS'

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

ownership and prior use of the MAMA LOVE and 555 marks, DEFENDANTS have continued to use the MAMA LOVE and 555 marks without PLAINTIFFS' authorization or consent.

88. DEFENDANTS' actions are deliberate and wilful and have been done with trading upon the intention of trading upon the valuable goodwill built up by PLAINTIFFS in their MAMA LOVE and 555 marks.

89. PLAINTIFFS are informed and believe, and thereon allege, that DEFENDANTS have profited financially from their conduct.

90. As an actual and proximate result of DEFENDANTS' conduct, PLAINTIFFS have suffered harm, damage, and loss in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

91. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 90 above as though set forth in full herein.

92. As an actual, direct, and proximate result of DEFENDANTS' actions, DEFENDANTS have been unjustly enriched.

93. Specifically, DEFENDANTS received monetary remuneration through their pattern and practice of intellectual property infringement and unfair competition, at the expense of PLAINTIFFS. This has resulted in DEFENDANTS wrongful receipt of profits and injury to the PLAINTIFFS.

**EIGHTH CAUSE OF ACTION**

**INJUNCTIVE RELIEF**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

94. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 93 above as though set forth in full herein.

95. DEFENDANTS have promoted, marketed, sold, distributed and made other commercial use of its goods through the use of the trademarks of PLAINTIFFS,

without the consent of PLAINTIFFS.

96. DEFENDANTS have benefitted from the commercial use of the publicity rights, trademarks, service marks, trade names, likenesses, images, voices, and celebrity identities of PLAINTIFFS.

97. DEFENDANTS' continued promotion, marketing, sale, distribution or other commercial use of its goods through the use of the trademarks and trade names of PLAINTIFFS has caused, and will continue to cause, immediate and irreparable harm to the rights, including without limitation the intellectual property rights, of PLAINTIFFS, for which there is no adequate remedy at law, unless DEFENDANTS are enjoined from so doing by this Court.

**NINTH CAUSE OF ACTION**

**ACCOUNTING**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

98. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 97 above as though set forth in full herein.

99. DEFENDANTS have received payment for sales of goods that were promoted through the use of PLAINTIFFS' intellectual property without PLAINTIFFS' consent. PLAINTIFFS are informed and believe and thereon allege that DEFENDANTS have realized a profit therefrom. DEFENDANTS, however, have not paid PLAINTIFFS any share of the profit.

100. The exact nature and extent of such sales and revenue is unkown without an accounting of the transactions thereof.

101. PLAINTIFFS as owners of the trademarks publicity utilized to generate such sales and revenues are entitled to an accounting.

**TENTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

102. PLAINTIFFS hereby restate and incorporate by reference paragraphs 1 through 101 above as though set forth in full herein.



Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

103. A dispute has arisen between the PLAINTIFFS and DEFENDANTS with regard to their respective rights to the trademarks referenced herein.

104. PLAINTIFFS claim that they own the rights to each of the marks. DEFENDANTS apparently dispute these contentions, since they continue to use the marks and confusingly similar variations thereof in the sales, promotion, advertising, and marketing of their goods.

105. PLAINTIFFS further contend that Defednants' use of the MAMA LOVE and 555 trademarks, in advertising, selling, marketing, and promoting DEFENDANTS' goods, constitutes common law trademark and service mark infringement, infringement of the PLAINTIFFS' registered trademarks, unfair competition and deceptive trade practices.

106. An actual controversy exists between the Parties regarding the foregoing contentions and dispute thereof.

WHEREFORE, PLAINTIFFS pray judgment against DEFENDANTS, and each of them, jointly and severally, as follows:

1. For a judgment in favor of PLAINTIFF Lee declaring that he is entitled to sole and exclusive ownership of the trademark MAMA LOVE, and all derivatives thereof.

2. For a judgment in favor of PLAINTIFF PAPER PLUS declaring that it is entitled to the sole and exclusive ownership of the trademark and service mark 555, and all derivatives thereof.

3. For a judgment in favor of PLAINTIFFS declaring that PLAINTIFFS are each entitled to the sole and exclusive ownership of their own common law trademarks to the MAMA LOVE and 555 marks, respectively as to Lee and Paper Plus, respectively.

4. For a judgment in favor of PLAINTIFFS that DEFENDANTS:

a. have infringed upon the PLAINTIFFS' common law trademarks Mama love and 555.

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

b. have engaged in unfair competition, and deceptive trade practices pursuant to state and federal law.

5. For and entry of temporary, preliminary, and permanent injunctive relief restraining and enjoining DEFENDANTS, and each of them, and all of their agents, successors, and assigns, and all persons in active concert or participation with any of them, from using the MAMA LOVE and/or the 555 trademarks and/or service marks, or any derivatives thereof, or any other mark, alone or in combination with other words or symbols, which is confusingly similar to the marks, or which is likely to cause confusion or mistake or to deceive.

6. For an accounting and award of profits to PLAINTIFFS of all profits received by DEFENDANTS, and each of them, from their violations of each PLAINTIFFS' statutory and common law trademark rights.

9. For an accounting and award of profits to PLAINTIFFS of all profits received by DEFENDANTS, and each of them, from engaging in unfair business practices pursuant to 15 U.S.C. §1125(a).

10. For an accounting and award of profits to PLAINTIFFS of all profits received by DEFENDANTS, and each of them, to the extent that DEFENDANTS, and each of them, have been unjustly enriched to the injury and detriment of the PLAINTIFFS.

11. For an award of all damages sustained by PLAINTIFFS by reason of DEFENDANTS', wrongful acts complained of herein.

12. For an award to the PLAINTIFFS of the costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §§1116, 1117, 1125(a), and Cal. Civ. Code §§3344, 17200, and 17500, plus pre and post-judgment interest at the legal rate.

14. For an award of exemplary and punitive damages pursuant to 15 U.S.C. §§1116, 1117, 1125(a), and Cal. Civ. Code §§3344, 17200, and 17500.

15. For an award to PLAINTIFFS of such other and further relief as the Court deems just.

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

Dated: November 3, 2015

HANEY & YOUNG, LLP

By: /S/Gregory L. Young/
Gregory L. Young
Attorneys for PLAINTIFFS

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

Haney & Young, LLP
1055 West Seventh Street
Suite 1950
Los Angeles, CA 90017

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, requests a jury trial in this matter.

Dated: November 3, 2015

HANEY & YOUNG, LLP

By: /S/Gregory L. Young/
Gregory L. Young
Attorneys for PLAINTIFFS

## VERIFICATION

I swear (or affirm) under penalty of perjury for the laws of the United States that the foregoing statements in this Complaint are true and correct to the best of my knowledge and understanding.

Executed this 28 day of October in 2015.

JOHN LEE
PRESIDENT, PAPER PLUS, INC.