UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEE and PAPER PLUS CONNECTION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AWAD HAJ and 97 CENT AND MORE DISCOUNT STORE, <br><br> Defendants. | No. 1:16-cv-00008-DAD-SAB <br><br> ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE <br><br> (Doc. No. 32) |

Before the court is an ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue filed on behalf of plaintiffs John Lee and Paper Plus Connection, Inc. For the reasons set forth below, the ex parte application is DENIED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

According to allegations in the complaint and in the instant application, plaintiff John Lee is the president and majority shareholder of plaintiff Paper Plus Connection, Inc. ("Paper Plus"). (*See* Doc. No. 32-1.) Plaintiffs are the registrants and sole owners of two trademarks for bathroom tissue: (1) the "Mama Love" trademark (Reg. No. 3,859,296), registered to plaintiff Lee, consisting of a large heart with the words "Mama Love" written across the center, two feminine hands outstretched above "Mama Love" cradling a smaller heart with the word "Love"

in the middle, and a rose at the bottom left of the large heart; and (2) the "555" trademark (Reg. No. 4,231,113), registered to plaintiff Paper Plus, consisting of standard characters without claim to any particular font, style, size, or color. (Doc. No. 32-1 at 1–2, Exs. 1–2.) Plaintiffs allege that defendants Awad Haj and 97 Cent and More Discount Store have and continue to import, market, promote, advertise, and sell bathroom tissue using marks that are confusingly similar to their own protected marks. (Doc. No. 32 at 3.) In around September and October 2015, plaintiffs' attorney sent defendants a letter and spoke to defendant Haj in telephone calls regarding plaintiffs' ownership of the trademarks and objecting to defendants' continued use of the marks. (Doc. Nos. 1 at 4, 32-2 at 1–3.) Defendant Haj allegedly admitted to infringement but continued to infringe on plaintiff's marks. (*Id.*)

On November 4, 2015, Plaintiffs John Lee and Paper Plus Connection, Inc. ("Paper Plus") filed this action in the United States District Court for the Central District of California. (Doc. No. 1.)[1] One month later, on December 4, 2015, plaintiffs filed an ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue. (Doc. No. 14.) On January 4, 2016, the assigned judge in the United States District Court for the Central District of California, addressing and granting a separate motion transferring this case to the Eastern District of California, also denied plaintiffs' ex parte application without prejudice. (Doc. No. 28 at 5.) On February 12, 2016, plaintiffs filed the instant ex parte application, substantially identical to the application previously filed in the Central District.

**II.    LEGAL STANDARD**

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109,

---

[1]  At its core, the complaint states three categories of claims under federal and state law: (1) trademark infringement, (2) trade dress infringement, and (3) unfair competition.

1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 97 (9th Cir. 2008) (en banc)).[2] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

A temporary restraining order may be issued without notice to the adverse party or its attorney only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1); *see also* Local Rule 231(a) ("Except in the most *extraordinary of circumstances*, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice.") (emphasis added). As the Supreme Court has noted, an ex parte temporary restraining order is justified in very limited circumstances:

---

[2] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

> The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.  Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974) (internal citation omitted). In the trademark infringement context, the Ninth Circuit has further identified two narrow circumstances in which notice may be excused:  (1) where notice is impossible because the adverse party's identity is unknown or because a known party cannot be located in time for a hearing, or (2) notice to the defendant "would render fruitless the further prosecution of the action."  *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)).

### III.    DISCUSSION

Here, plaintiffs have failed to meet their burden under Federal Rule of Civil Procedure 65(b) to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  To the extent they address at all the immediacy of or potential for harm against them, plaintiffs state only that continued infringement will cause damage to their goodwill and professional reputations.  (Doc. No. 32 at 7.)  In addition, plaintiffs assert that  defendants' alleged conduct would interfere with plaintiffs' abilities to promote and sell their own products and to derive economic benefit from their registered marks.  (*Id.* at 7–8.)

Plaintiffs have not shown that the potential harm they face is so immediate to justify issuing a temporary restraining order without notice and an opportunity to be heard.  In fact, plaintiffs have had ample opportunity to file a regularly noticed motion for injunctive relief in this action.  According to plaintiffs' counsel, plaintiffs leaned of defendants' conduct in September 2015.  (Doc. No. 32-2 at 1–2.)  After numerous attempts to resolve the dispute without the necessity of formal legal proceedings, plaintiffs initiated this action on November 4, 2015.  Thereafter, plaintiffs waited one month before filing an ex parte application for a temporary

1  restraining order.  (*See* Doc. No. 14.)  Even after the District Court for the Central District of
2  California transferred this case to this court and denied plaintiffs' ex parte application without
3  prejudice, plaintiffs waited yet another month before filing a nearly identical application.  Parties
4  facing the threat of immediate and irreparable harm generally seek a temporary restraining order
5  as quickly as possible.  *See, e.g.*, *Reno Air*, 452 F.3d at 1129 (ex parte application for temporary
6  restraining order filed the same day as complaint); *In re Excel Innovations, Inc.*, 502 F.3d 1086,
7  1091 (9th Cir. 2007) (same); *Lands Council v. Martin*, 479 F.3d 636, 638–39 (9th Cir. 2007)
8  (one-day delay); *Ranchers Cattlemen Action Legal Fund United Stockgrowers of Am. v. U.S.D.A.*,
9  415 F.3d 1078, 1089 (9th Cir. 2005) (six-day delay).   Plaintiffs' unexplained delays in seeking
10 immediate injunctive relief militate against a finding of irreparable harm and against the issuance
11 of a temporary restraining order.  Moreover, plaintiffs have not presented any evidence to this
12 court that denial of an ex parte temporary restraining order would result in irreparable injury to
13 them for which legal remedies, such as monetary damages, are inadequate.  Neither the instant
14 application nor plaintiffs' complaint provides anything more than conclusory statements that
15 plaintiffs would be harmed, economically or otherwise.[3]

16  In addition, plaintiffs' request does not fit within the narrow circumstances identified by
17 the court in *Reno Air* under which notice may be excused.  Plaintiffs do not argue that the
18 defendants' identities are unknown or that defendants could not be located in time for a hearing.
19 To the contrary, plaintiffs have clearly demonstrated the ability to contact and communicate with
20 defendants.  Nor have plaintiffs presented evidence that notice to defendants would cause
21 defendants to "disregard[] a direct court order and dispose[] of the [allegedly infringing] goods
22 within the time it would take for a hearing."  *Reno Air*, 452 F.3d at 1131.
23 /////
24 /////
25

---

[3] Setting aside the increased burden of seeking a temporary restraining order without notice, even if plaintiffs were to show a substantial likelihood of success on the merits, the Ninth Circuit has specifically cautioned against a presumption of a likelihood of irreparable harm in trademark infringement cases.  *See Herb Reed Enterprises, LLC v. Florida Entm't Mgmt.*, Inc., 736 F.3d 1239, 1250 (9th Cir. 2013).

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue (Doc. No. 32) is DENIED.[4]

IT IS SO ORDERED.

Dated:  **February 21, 2016**

_____
UNITED STATES DISTRICT JUDGE

---

[4] Of course, plaintiffs are free to pursue preliminary injunctive relief by way of properly noticed motion.